**22SL-CC04158**

Electronically Filed - St Louis County - September 23, 2022 - 04:10 PM

IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

| | |
|---|---|
| RACHEL E. MCDONALD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: |
| ) | |
| ST. LOUIS UNIVERSITY, ) | |
| Serve at: ) | |
| 221 N. Grand Blvd. ) | |
| St. Louis, Missouri 63103 ) | |
| ) | |
| Defendant. ) | |

## *PETITION FOR DAMAGES*

COMES NOW Plaintiff, Rachel E. McDonald ("Plaintiff"), by and through counsel, and for her Petition for Damages against St. Louis University ("SLU"), hereby states as follows.

### *PARTIES AND JURISDICTION*

1. Plaintiff is, and was at all times relevant, a resident of St. Louis County, Missouri.

2. SLU is a benevolent corporation with its principal office located at 221 North Grand Boulevard, St. Louis, Missouri 63103.

3. SLU employs at least 15 employees and continuously operates hospitals and clinics within St. Louis County, Missouri.

4. SLU is affiliated with the fictitious entity, SLUCare Physician Group ("SLUCare"), through which it operates several of its hospitals and clinics within the St. Louis County area.

Electronically Filed - St Louis County - September 23, 2022 - 04:10 PM

5.   Plaintiff was employed by SLU and her claims arise out of the wrongful conduct and acts of SLU and its employees during the course and scope of Plaintiff's employment duties in the SLUCare hospitals and clinics.

6.   Plaintiff and SLU are both "residents" of St. Louis County, Missouri within the meaning of § 508.010, RSMo.

7.   Jurisdiction and venue are proper are proper in this Court pursuant to 508.010, RSMo.

### *FACTUAL BACKGROUND*

8.   Plaintiff began working for SLU as a temporary worker in October of 2020 and became a permanent employee beginning on or about February 1, 2021.

9.   Plaintiff was employed by SLU as a Registered Medical Assistant.

10.   Plaintiff was pregnant at or about the time she began working for SLU and was eventually informed by her doctors that her pregnancy was considered high-risk.

11.   Plaintiff advised her superiors at SLU regarding her high-risk pregnancy, but informed them that this categorization would not affect her ability to perform her essential job functions, but that it would require Plaintiff to visit her obstetrician more often than "normal," lower-risk pregnancies.

12.   Given the stage of Plaintiff's pregnancy, she was scheduled for maternity leave in or about mid-to-late May of 2021.

13.   In or about April of 2021, Plaintiff was working in the Family Medicine Department at the SLUCare clinic located in the University Tower, Brentwood, Missouri.

14.   During this time, a Nurse Practitioner named Jesse Lawson, who was considered to be one of Plaintiff's superiors, engaged in a vulgar conversation with a co-worker in the common area of the clinic, which was littered with sexual overtones.

Electronically Filed - St Louis County - September 23, 2022 - 04:10 PM

15. More specifically, Plaintiff heard Mr. Lawson explain to their co-worker that "the only way he was able to keep a younger, affluent spouse was because of his superior muscle control."

16. The sexual nature of the conversation involving Mr. Lawson and Plaintiff's co-worker created a hostile work environment which made Plaintiff feel uncomfortable and unwelcome.

17. Later in April of 2021, Mr. Lawson offered to look at a co-worker's eye because she complained it was red and irritated.

18. After examining the co-worker's eye, Mr. Lawson loudly proclaiming to the co-worker for a number of others to hear that "it looks like you had a dick in your eye!"

19. Mr. Lawson proceeded to laugh loudly at his own comment, again creating a hostile work environment which made Plaintiff feel uncomfortable and unwelcome.

20. Following the comments made by Mr. Lawson regarding the co-worker's eye, Plaintiff met with her supervisor, Annette Swan, and explained to her that Mr. Lawson's vulgar sexual commentary made her feel uncomfortable.

21. Plaintiff told Ms. Swan that she felt the comments made by Mr. Lawson created a hostile work environment and requested that Ms. Swan address the issue.

22. Instead of disciplining Mr. Lawson, Plaintiff was transferred by SLU from the University Tower clinic location to the Des Peres, Missouri location.

23. After spending a week at the Des Peres, Missouri location, Plaintiff was able to transfer to the SLUCare location in St. Louis, Missouri along South Grand Boulevard, where Plaintiff was initially hired.

Electronically Filed - St Louis County - September 23, 2022 - 04:10 PM

24. However, upon returning to the South Grand location, Plaintiff was again assigned to work for Mr. Lawson.

25. On or about April 28, 2021, just days after moving to the South Grand location, Mr. Lawson requested that Plaintiff assist him with an electrocardiogram by placing electrodes to a young, female patient of color's chest.

26. Plaintiff agreed to help place the hook-ups and offered to let the patient get undressed and wrap herself in a gown, alone in the room, in order to maintain her modesty, as this was standard procedure and proper protocol.

27. Proper protocol as to electrocardiograms is to place electrodes on the patient's chest, arms, and legs; a patient should not have any metal objects on them, so in the event a female patient has an underwire bra, for example, they are left alone to remove the bra and change into an open faced gown; if the female patient does not have metal on her, then her upper-body clothing need only be lifted high enough to place the electrodes, but not so high as to expose her breasts; two more electrodes are then placed above the female patient's breasts in such a way that does not require exposure.

28. In the case of this electrocardiogram, the patient was not wearing a bra when asked by Mr. Lawson to remove her shirt.

29. Nevertheless, Mr. Lawson repeatedly demanded that the patient remove her top while he and Plaintiff remained in the room and stated that the patient did not need a gown.

30. Plaintiff observed that Mr. Lawson's demands made the patient feel uncomfortable.

31. As such, Plaintiff pulled a gown out of the drawer to give to the patient and placed it on the bed.

Electronically Filed - St Louis County - September 23, 2022 - 04:10 PM

32. Mr. Lawson stated that the patient did not need the gown and insisted that the patient continue to remove her shirt.

33. Plaintiff also attempted to place the electrode hook-ups under the patient's top so that she did not need to remove it while Plaintiff and Mr. Lawson were in the room.

34. Despite Plaintiff's efforts to accommodate the patient, Mr. Lawson again demanded that the patient remove her shirt while Plaintiff and Mr. Lawson remained in the room.

35. Mr. Lawson's demand was unnecessary, improper, and violated the patient's privacy.

36. This was not the first time Mr. Lawson made Plaintiff and SLU employees feel uncomfortable based on his sexual-related comments and demeanor and, having been in similar situations in the past, Plaintiff proceeded to calmly exit the patient's room.

37. In addition to the incidents described above, there was another incident involving Mr. Lawson while Plaintiff was employed by SLU during which Mr. Lawson engaged Plaintiff and two other co-workers in a sexually explicit conversation involving food.

38. Mr. Lawson's inappropriate behavior was repeated and continuously allowed to persist by SLU in the presence of Plaintiff and other SLU employees throughout the duration of Plaintiff's employment.

39. On or about April 29, 2021, Plaintiff again met with Ms. Swan to discuss the interaction involving Mr. Lawson and the patient receiving the electrocardiogram, at which time Plaintiff provided Ms. Swan with the details of the electrocardiogram incident described above.

40. On May 3, 2021, Plaintiff emailed SLU's Equity Office and asked for instructions as to how to file a sexual harassment complaint; a true and accurate copy of this email is attached hereto as Exhibit A.

Electronically Filed - St Louis County - September 23, 2022 - 04:10 PM

41. However, Plaintiff was never able to file a sexual harassment complaint because she was terminated by SLU on or about the following day, May 4, 2021.

42. During the course of Plaintiff's employment at SLU, none of her complaints regarding the sexually inappropriate and discriminatory comments made by Mr. Lawson were ever adequately addressed or investigated, if at all, either by Ms. Swan or any other of Plaintiff's supervisors.

43. SLU allowed the inappropriate and sexually discriminatory conduct of Mr. Lawson to continue, unabated, which created a hostile work environment for Plaintiff.

44. SLU allowed Mr. Lawson's conduct to continue which resulted in a situation in which Plaintiff was requested by her superior to perform an unnecessary and improper task.

45. Shortly after her termination, Plaintiff filed for unemployment benefits.

46. On or about June 28, 2021, Plaintiff was informed that the Missouri Division of Employment Security determined that Plaintiff was disqualified from receiving unemployment benefits because SLU falsely reported to them that Plaintiff threw papers at Mr. Lawson during the incident involving the electrocardiogram on or about April 28, 2021.

47. Plaintiff proceeded to file an appeal as to the Missouri Division of Employment Security's decision.

48. On August 17, 2021 and September 1, 2021, the Missouri Division of Employment Security conducted hearings with respect to Plaintiff's appeal.

49. During the hearing, representatives of SLU repeated the false narrative that Plaintiff threw papers during the incident involving Mr. Lawson and the electrocardiogram.

Electronically Filed - St Louis County - September 23, 2022 - 04:10 PM

50. The Missouri Division of Employment Security denied Plaintiff's appeal based on the false information provided to it by SLU.

51. Plaintiff is a female of color who was experiencing a high-risk pregnancy for the duration of the period she was employed by SLU

52. Plaintiff was also scheduled to go on maternity leave approximately two weeks after the date she was terminated.

53. At no point in time during her employment at SLU did Plaintiff violate a consistently enforced company policy.

54. Prior to her termination, Plaintiff was at no point in time warned about her employment performance.

55. In fact, a number of Plaintiff's co-workers and supervisors, including, but not limited to, other Registered Medical Assistants, Nurse Practitioners, and Medical Doctors, expressed their satisfaction with Plaintiff's work performance and that they were glad to have her as part of the SLU medical team

56. By allowing Mr. Lawson, a white male employee, to continue to engage in sexually inappropriate and discriminatory behavior, SLU created a hostile work environment for Plaintiff and her co-workers; when Plaintiff complained to her supervisors regarding the hostile work environment, she was both transferred and ultimately terminated.

57. SLU used the events which took place on April 28, 2021 as an excuse to pretextually terminate Plaintiff because of her race, color, sex, and high-risk pregnancy.

58. Moreover, SLU's termination of Plaintiff based on its knowledge that Plaintiff intended to file a discrimination and sexual harassment complaint and its knowledge that Plaintiff

Electronically Filed - St Louis County - September 23, 2022 - 04:10 PM

would require accommodations related to her high-risk pregnancy, and that Plaintiff was also on the eve of maternity leave, was pretextual.

59. SLU further acted in retaliatory fashion by interfering with Plaintiff's ability to recover unemployment benefits by providing the Missouri Department of Employment Security with false information regarding the incident involving Mr. Lawson and the patient who required an electrocardiogram.

60. Because of her race, color, sex, and high-risk pregnancy, as well as her complaints against Mr. Lawson, Plaintiff was treated differently than similarly situated employees and was discriminated and ultimately retaliated against by SLU.

61. As a result of her wrongful termination, Plaintiff has sustained damages in the form of lost wages, emotional distress, humiliation, loss of reputation, loss of dignity, and has been denied employment opportunities because she must inform potential employers that she was terminated by SLU.

### *ADMINISTRATIVE PROCEDURE*

62. On or about September 27, 2021, Plaintiff dually filed a Charge of Discrimination with the Missouri Commission On Human Rights and the Equal Employment Opportunity Commission; true and accurate copies of the Charge of Discrimination along with the Charge Narrative filed with the Charge of Discrimination are attached hereto as Exhibit B.

63. The Charge Narrative outlines the events described herein and alleges that SLU discriminated against Plaintiff on the basis of her race, color, sex, and high-risk pregnancy. *See id*.

Electronically Filed - St Louis County - September 23, 2022 - 04:10 PM

64. On or about June 28, 2022, Plaintiff, by and through her attorneys, received a Notice of Right to Sue issued by the Equal Employment Opportunity Commission; a true and accurate copy of the Notice of Right to Sue is attached hereto as <u>Exhibit C</u>.

65. This lawsuit is filed within ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue.

66. The aforementioned Charge of Discrimination and Charge Narrative provided the Equal Employment Opportunity Commission sufficient opportunity to investigate the full scope of the controversy between the parties; Plaintiff has now exhausted her administrative remedies and has standing to sue.

### *COUNT I: DISCRIMINATION IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT*

67. Plaintiff incorporates by reference each of the allegations contained in paragraphs 1 through 66 of this Petition for Damages as if fully set forth herein.

68. Plaintiff is a female of color who was experiencing a high-risk pregnancy during the period of time she was employed by SLU.

69. Plaintiff required accommodations in light of her high-risk pregnancy and was scheduled to go on maternity leave approximately two weeks after the date she was terminated.

70. The Missouri Human Rights Act, §§ 213.010, RSMo., *et seq.*, prohibits an employer from discriminating against any individual with respect to that individual's compensation, terms, conditions, or privileges of employment because of, *inter alia*, race, color, or sex.

71. SLU discriminated against Plaintiff through her employment and the performance of her employment duties at the SLUCare clinics and hospitals in the following respects:

Electronically Filed - St Louis County - September 23, 2022 - 04:10 PM

a.  Failing to investigate the issue of sexually inappropriate and discriminatory conduct directed to and in the presence of Plaintiff by Plaintiff's supervisor, namely Mr. Lawson;

b.  Failing to discipline, warn, or otherwise adequately address the sexually inappropriate and discriminatory conduct of Plaintiff's supervisor, Mr. Lawson, who repeatedly directed such conduct toward and in the presence of Plaintiff;

c.  Failing to take seriously Plaintiff's complaints for discrimination and sexual harassment against SLU and Mr. Lawson;

d.  Transferring Plaintiff to another SLUCare clinic and disciplining Plaintiff rather than addressing the sexually inappropriate and discriminatory conduct of Plaintiff's supervisor, Mr. Lawson;

e.  Repeatedly subjecting Plaintiff to sexually inappropriate and discriminatory conduct by a supervisor, Mr. Lawson, in the presence of co-workers of color as well as in the presence of another female patient of color;

f.  Terminating Plaintiff for declining to engage in sexually inappropriate conduct, including, but not limited to, conduct against proper protocol with respect to electrocardiograms toward a female patient of color;

g.  Terminating Plaintiff for requesting from her employer a means by which to submit a discrimination and sexual harassment complaint;

h.  Terminating Plaintiff knowing that she was involved in a high-risk pregnancy, would require additional obstetrician visits due to the high-risk nature of her pregnancy (although she was still able to perform the essential job functions), and on the eve of Plaintiff's maternity leave;

Electronically Filed - St Louis County - September 23, 2022 - 04:10 PM

> i.  Preventing Plaintiff from obtaining unemployment benefits from the Missouri Division of Employment Security by providing false information concerning Plaintiff's conduct during the electrocardiogram incident;
>
> j.  Using Plaintiff's complaints of discrimination and harassment against Mr. Lawson in pretextual fashion to terminate Plaintiff as a female employee of color; and
>
> k.  Using Plaintiff's high-risk pregnancy, need for additional obstetrician visits, and upcoming maternity leave in pretextual fashion to terminate Plaintiff as a female employee of color.

72. Other similarly situated employees of SLU did not experience the sorts of discriminatory treatment as did Plaintiff, including other white male and female Registered Medical Assistants; in addition, Mr. Lawson, for example, a white male Nurse Practitioner, was allowed by SLU to continue, on repeated occasions, to engage in sexually inappropriate and discriminatory conduct and these issues repeatedly went unaddressed and unresolved.

73. During her employment by SLU, Plaintiff was at no point in time warned about her employment performance.

74. In fact, a number of Plaintiff's co-workers and supervisors, including, but not limited to, other Registered Medical Assistants, Nurse Practitioners, and Medical Doctors, expressed their satisfaction with Plaintiff's work performance and that they were glad to have her as part of the SLU medical team.

75. In light of Plaintiff's stellar employment record at SLU, it is clear that Plaintiff's race and sex, namely her being a female employee of color involved in a high-risk pregnancy, were contributing factors as to each of the aforementioned acts of discrimination and harassment on the part of SLU and its employees.

Electronically Filed - St Louis County - September 23, 2022 - 04:10 PM

76. Due to her race, color, sex, and high-risk pregnancy, Plaintiff experienced adverse employment action, in that Plaintiff was subjected to sexually inappropriate and discriminatory treatment by Mr. Lawson and other employees of SLU and was both transferred and ultimately terminated for complaining about these issues.

77. As a direct result of SLU's retaliatory termination of Plaintiff, Plaintiff has sustained damages in the form of lost wages, emotional distress, humiliation, loss of reputation, loss of dignity, unemployment benefits, and has been denied employment opportunities because she must inform potential employers that she was terminated by SLU.

78. The conduct of SLU and its employees, including the repeated acts of discrimination against Plaintiff, was wanton, willful, outrageous, or otherwise done with such reckless and repeated disregard for the rights of Plaintiff that willful conduct may be inferred, such that an award of punitive damages is warranted under the circumstances to deter similar conduct in the future.

WHEREFORE, as to Count I of her Petition for Damages, Plaintiff Rachel E. McDonald respectfully requests that this Court enter Judgment in her favor and against Defendant St. Louis University and grant Plaintiff the following relief:

    a. Damages in excess of $25,000 and in an amount to be proven at trial;

    b. An award of punitive damages;

    c. An award of reasonable attorney's fees pursuant to § 213.111, RSMo.;

    d. An award of Plaintiff's reasonable costs incurred in the prosecution of this matter pursuant to § 213.111, RSMo.; and

    e. Any such other and further relief that this Court deems just and proper under the circumstances.

Electronically Filed - St Louis County - September 23, 2022 - 04:10 PM

### COUNT II: RETALIATION IN VIOLATION
### OF THE MISSOURI HUMAN RIGHTS ACT

79. Plaintiff incorporates by reference each of the allegations contained in paragraphs 1 through 66 of this Petition for Damages as if fully set forth herein.

80. Plaintiff is a female of color who was experiencing a high-risk pregnancy during the period of time she was employed by SLU; Plaintiff was also scheduled to go on maternity leave approximately two weeks after the date she was terminated.

81. The Missouri Human Rights Act, §§ 213.010, RSMo., *et seq.*, prohibits an employer from retaliating against an employee who has complained of discrimination against them in the work place as it relates to that employee's race, color, or sex.

82. Plaintiff complained to her superiors at SLU regarding the following discriminatory acts and conduct on the part of SLU and its employees:

    a. Failing to investigate the issue of sexually inappropriate and discriminatory conduct directed to and in the presence of Plaintiff by Plaintiff's supervisor, namely Mr. Lawson;

    b. Failing to discipline, warn, or otherwise adequately address the sexually inappropriate and discriminatory conduct of Plaintiff's supervisor, Mr. Lawson, who repeatedly directed such conduct toward and in the presence of Plaintiff;

    c. Failing to take seriously Plaintiff's complaints for sexual harassment and discrimination against Mr. Lawson; and

    d. Repeatedly subjecting Plaintiff to sexually inappropriate and discriminatory conduct by a supervisor, Mr. Lawson, in the presence of coworkers as well as in the presence of another female patient of color.

Electronically Filed - St Louis County - September 23, 2022 - 04:10 PM

83. As a direct consequence of Plaintiff's complaints to her superiors regarding the above discriminatory acts on the part of SLU and its employees, SLU retaliated against Plaintiff in the following respects:

    a. Transferring Plaintiff to another SLUCare clinic and disciplining Plaintiff rather than addressing the sexually inappropriate and discriminatory conduct of Plaintiff's supervisor, Mr. Lawson;

    b. Terminating Plaintiff for complaining that she was asked to engage in sexually inappropriate conduct against proper protocol with respect to electrocardiograms toward a female patient of color;

    c. Terminating Plaintiff for requesting from her employer a means by which to submit a discrimination and sexual harassment complaint;

    d. Terminating Plaintiff after Plaintiff advised her superiors that she was involved in a high-risk pregnancy, would require additional obstetrician visits due to the high-risk nature of her pregnancy (although she was still able to perform the essential functions of her job), and on the eve of maternity leave;

    e. Preventing Plaintiff from obtaining unemployment benefits from the Missouri Division of Employment Security by providing false information concerning Plaintiff's conduct during the electrocardiogram incident;

    f. Using Plaintiff's complaints against Mr. Lawson in pretextual fashion to terminate Plaintiff as a female employee of color; and

    g. Using Plaintiff's high-risk pregnancy, need for additional obstetrician visits, and upcoming maternity leave in pretextual fashion to terminate Plaintiff as a female employee of color.

Electronically Filed - St Louis County - September 23, 2022 - 04:10 PM

84. Mr. Lawson, a white male employee, was allowed by SLU to continue, on repeated occasions, to engage in sexually inappropriate and discriminatory conduct and these issues repeatedly remained unaddressed.

85. SLU's subjecting Plaintiff to discrimination on the basis of her race and sex, namely her being a female employee of color involved in a high-risk pregnancy, resulted in Plaintiff submitting complaints to her supervisors regarding these issues which in turn directly caused SLU to take the above-referenced retaliatory actions.

86. Due to her race, color, sex, and high-risk pregnancy, Plaintiff was subjected to treatment by Mr. Lawson and other employees of SLU that other similarly situated SLU employees did not experience, and was ultimately transferred and eventually terminated for complaining about these issues.

87. As a direct result of SLU's retaliation against Plaintiff, Plaintiff has sustained damages in the form of lost wages, emotional distress, humiliation, loss of reputation, loss of dignity, lost unemployment benefits, and has been denied employment opportunities because she must inform potential employers that she was terminated by SLU.

88. The conduct of SLU and its employees in their repeatedly subjecting Plaintiff to sexual harassment and discrimination by her superior, and their transferring and terminating Plaintiff for complaining about these issues, was wanton, willful, outrageous, or otherwise done with such reckless and repeated disregard for the rights of Plaintiff that willful conduct may be inferred, such that an award of punitive damages is warranted under the circumstances to deter similar conduct in the future.

Electronically Filed - St Louis County - September 23, 2022 - 04:10 PM

WHEREFORE, as to Count II of her Petition for Damages, Plaintiff Rachel E. McDonald respectfully requests that this Court enter Judgment in her favor and against Defendant St. Louis University and grant Plaintiff the following relief:

    a.  Damages in excess of $25,000 and in an amount to be proven at trial;

    b.  An award of punitive damages;

    c.  An award of reasonable attorney's fees pursuant to § 213.111, RSMo.;

    d.  An award of Plaintiff's reasonable costs incurred in the prosecution of this matter pursuant to § 213.111, RSMo.; and

    e.  Any such other and further relief that this Court deems just and proper under the circumstances.

### COUNT III: NEGLIGENT CREATION OF A HOSTILE WORK ENVIRONMENT IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT

89. Plaintiff incorporates by reference each of the allegations contained in paragraphs 1 through 66 of this Petition for Damages as if fully set forth herein.

90. Plaintiff is a female of color who was experiencing a high-risk pregnancy during the period of time she was employed by SLU.

91. SLU was negligent with respect to creating and allowing a hostile work environment to exist in the SLUCare hospitals and clinics through which Plaintiff was employed in the following respects:

    a.  Failing to investigate the issue of sexually inappropriate and discriminatory conduct directed to and in the presence of Plaintiff and other female co-workers by Plaintiff's supervisor, namely Mr. Lawson;

Electronically Filed - St Louis County - September 23, 2022 - 04:10 PM

b. Failing to discipline, warn, or otherwise adequately address the sexually inappropriate and discriminatory conduct of Plaintiff's supervisor, Mr. Lawson, who repeatedly directed such conduct toward and in the presence of Plaintiff and other female co-workers;

c. Failing to take seriously Plaintiff's complaints for sexual harassment and discrimination against SLU and Mr. Lawson; and

d. Subjecting Plaintiff and at least one female patient of color to discriminatory and sexually inappropriate conduct by a supervisor, Mr. Lawson.

92. Plaintiff complained of sexual and racial discrimination to various supervisors at SLU on a number of occasions, including, but not limited to, Ms. Swan.

93. Upon information and belief, other employees complained of Mr. Lawson's sexually inappropriate and discriminatory conduct.

94. Because Plaintiff complained on a number of occasions regarding Mr. Lawson's sexual harassment and the hostile work environment he was creating, SLU was aware of this conduct and failed to address the issues complained of by Plaintiff.

95.  When Plaintiff continued to complain about Mr. Lawson's sexually inappropriate and discriminatory conduct, she was retaliated against by SLU in the following respects:

a. Transferring Plaintiff to another SLUCare clinic and disciplining Plaintiff rather than addressing the sexually inappropriate and discriminatory conduct of Plaintiff's supervisor, Mr. Lawson;

b. Terminating Plaintiff for complaining that she was asked to engage in sexually inappropriate conduct against proper protocol with respect to electrocardiograms toward a female patient of color;

Electronically Filed - St Louis County - September 23, 2022 - 04:10 PM

    c.  Terminating Plaintiff for requesting from her employer a means by which to submit a discrimination and sexual harassment complaint;

    d.  Terminating Plaintiff after Plaintiff advised her superiors that she was involved in a high-risk pregnancy, would require additional obstetrician visits due to the high-risk nature of her pregnancy (although she was still able to perform essential job functions), and on the eve of maternity leave;

    e.  Preventing Plaintiff from obtaining unemployment benefits from the Missouri Division of Employment Security by providing false information concerning Plaintiff's conduct during the electrocardiogram incident;

    f.  Using Plaintiff's complaints against Mr. Lawson in pretextual fashion to terminate Plaintiff as a female employee of color; and

    g.  Using Plaintiff's high-risk pregnancy, need for additional obstetrician visits, and upcoming maternity leave in pretextual fashion to terminate Plaintiff as a female employee of color.

96. Mr. Lawson, a white male employee, was allowed by SLU to continue, on repeated occasions, to engage in sexually inappropriate and discriminatory conduct and these issues repeatedly remained unaddressed.

97. Prior to her termination, Plaintiff was never warned with respect to her employment performance.

98. In fact, a number of Plaintiff's co-workers and supervisors, including, but not limited to, other Registered Medical Assistants, Nurse Practitioners, and Medical Doctors, expressed their satisfaction with Plaintiff's work performance and that they were glad to have her as part of the SLU medical team.

Electronically Filed - St Louis County - September 23, 2022 - 04:10 PM

99. In light of Plaintiff's stellar record and rapport through her employment in the SLUCare hospitals and clinics, it is clear that the adverse employment actions taken against Plaintiff were the result of the discriminatory actions and sexual harassment on the part of Mr. Lawson and Plaintiff's complaints about the same, as well as Plaintiff's high risk pregnancy.

100. As a direct and proximate result of the conduct on the part of SLU and its employees for creating a hostile work environment and allowing it to continue during Plaintiff's employment, Plaintiff was harassed at work by her superior, was transferred to a different location, and was eventually terminated for reporting the discrimination and harassment she was experiencing.

101. As a direct and proximate result of these adverse employment actions taken against Plaintiff by SLU and its employees, Plaintiff has sustained damages in the form of lost wages, emotional distress, humiliation, loss of reputation, loss of dignity, lost unemployment benefits, and has been denied employment opportunities because she must inform potential employers that she was terminated by SLU.

102. The conduct of SLU and its employees, including the repeated acts of discrimination against Plaintiff, was wanton, willful, outrageous, or otherwise done with such reckless and repeated disregard for the rights of Plaintiff that willful conduct may be inferred, such that an award of punitive damages is warranted under the circumstances to deter similar conduct in the future.

WHEREFORE, as to Count III of her Petition for Damages, Plaintiff Rachel E. McDonald respectfully requests that this Court enter Judgment in her favor and against Defendant St. Louis University and grant Plaintiff the following relief:

Electronically Filed - St Louis County - September 23, 2022 - 04:10 PM

    a.   Damages in excess of $25,000 and in an amount to be proven at trial;

    b.   An award of punitive damages;

    c.   An award of reasonable attorney's fees pursuant to § 213.111, RSMo.;

    d.   An award of Plaintiff's reasonable costs incurred in the prosecution of this matter pursuant to § 213.111, RSMo.; and

    e.   Any such other and further relief that this Court deems just and proper under the circumstances.

### COUNT IV: VICARIOUS LIABILITY FOR HARASSMENT ON THE PART OF A SUPERVISOR RESULTING IN A HOSTILE WORK ENVIRONMENT IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT

103. Plaintiff incorporates by reference each of the allegations contained in paragraphs 1 through 66 of this Petition for Damages as if fully set forth herein.

104. Plaintiff is a female of color who was experiencing a high-risk pregnancy during the period of time she was employed by SLU.

105. Mr. Lawson was at all times relevant an employee of SLU and Plaintiff's superior.

106. Plaintiff was repeatedly subjected to harassment by her superior, Mr. Lawson, during the course of her employment by SLU at the SLUCare hospitals and clinics.

107. Mr. Lawson's ongoing sexual harassment of Plaintiff and other female employees created a hostile work environment.

108. Instances of inappropriate sexual and discriminatory conduct on the part of Mr. Lawson which harassed Plaintiff and created a hostile work environment include, among other instances, the following:

    a.   Sexually suggestive commentary regarding a co-worker having a dick in her eye in April of 2021;

Electronically Filed - St Louis County - September 23, 2022 - 04:10 PM

b.  Sexually suggestive commentary regarding Mr. Lawson's affluent spouse and his "muscle control" in April of 2021;

c.  Sexually inappropriate and improper instruction to Plaintiff as to her assisting with an electrocardiogram on a female patient of color;

d.  Sexually suggestive commentary regarding Plaintiff and her co-worker's sexual preferences in the context of food; and

e.  Other instances in which Plaintiff overheard Mr. Lawson making sexually suggestive and inappropriate commentary regarding women.

109. As a direct and proximate result of Mr. Lawson's creation of a hostile work environment for female employees, as well as employees and patients of color, Plaintiff complained of sexual and racial discrimination and was retaliated against by SLU in the following respects:

a.  Transferring Plaintiff to another SLUCare clinic and disciplining Plaintiff rather than addressing the sexually inappropriate and discriminatory conduct of Plaintiff's supervisor, Mr. Lawson;

b.  Terminating Plaintiff for complaining that she was asked to engage in sexually inappropriate conduct against proper protocol with respect to electrocardiograms toward a female patient of color;

c.  Terminating Plaintiff for requesting from her employer a means by which to submit a discrimination and sexual harassment complaint;

d.  Terminating Plaintiff after Plaintiff advised her supervisors that she was involved in a high-risk pregnancy, would require additional obstetrician visits due to the

Electronically Filed - St Louis County - September 23, 2022 - 04:10 PM

high-risk nature of her pregnancy (although she was still able to perform essential job functions), and on the eve of maternity leave;

e. Preventing Plaintiff from obtaining unemployment benefits from the Missouri Division of Employment Security by providing false information concerning Plaintiff's conduct with respect to the electrocardiogram incident;

f. Using Plaintiff's complaints against Mr. Lawson in pretextual fashion to terminate Plaintiff as a female employee of color; and

g. Using Plaintiff's high-risk pregnancy, need for additional obstetrician visits, and upcoming maternity leave in pretextual fashion to terminate Plaintiff as a female employee of color.

110. Mr. Lawson, Plaintiff's white male supervisor, was allowed by SLU to continue, on repeated occasions, to engage in sexually inappropriate and discriminatory conduct and these issues repeatedly remained unaddressed.

111. As a result of Mr. Lawson's unabated lewd and sexually inappropriate conduct, Plaintiff endured continued harassment in a hostile work environment.

112. Prior to her termination, Plaintiff was never warned with respect to the performance of her employment duties.

113. In fact, a number of Plaintiff's co-workers and supervisors, including, but not limited to, other Registered Medical Assistants, Nurse Practitioners, and Medical Doctors, expressed their satisfaction with Plaintiff's work performance and that they were glad to have her as part of the SLU medical team.

Electronically Filed - St Louis County - September 23, 2022 - 04:10 PM

114. In light of Plaintiff's stellar record and rapport through her employment in the SLUCare clinics and hospitals, it is clear that Mr. Lawson's harassment and creation of a hostile work environment by Mr. Lawson was related to Plaintiff's sex, race, and color.

115. As a direct and proximate result of Mr. Lawson's harassment of Plaintiff and creation of a hostile work environment, Plaintiff was transferred to a different location and ultimately terminated for complaining about the enduring issues.

116. As a direct and proximate result of the conduct on the part of Mr. Lawson and the adverse employment actions taken against Plaintiff for complaining about the hostile work environment, Plaintiff has sustained damages in the form of lost wages, emotional distress, humiliation, loss of reputation, loss of dignity, lost unemployment benefits, and has been denied employment opportunities because she must inform potential employers that she was terminated by SLU.

117. Mr. Lawson's conduct was wanton, willful, outrageous, or otherwise done with such reckless and repeated disregard for the rights of Plaintiff that willful conduct may be inferred, such that an award of punitive damages is warranted under the circumstances to deter similar conduct in the future.

WHEREFORE, as to Count IV of her Petition for Damages, Plaintiff Rachel E. McDonald respectfully requests that this Court enter Judgment in her favor and against Defendant St. Louis University and grant Plaintiff the following relief:

    a. Damages in excess of $25,000 and in an amount to be proven at trial;

    b. An award of punitive damages;

    c. An award of reasonable attorney's fees pursuant to § 213.111, RSMo.;

Electronically Filed - St Louis County - September 23, 2022 - 04:10 PM

d.  An award of Plaintiff's reasonable costs incurred in the prosecution of this matter pursuant to § 213.111, RSMo.; and

e.  Any such other and further relief that this Court deems just and proper under the circumstances.

### COUNT V: DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

118. Plaintiff incorporates by reference each of the allegations contained in paragraphs 1 through 66 of this Petition for Damages as if fully set forth herein.

119. Plaintiff was at all times relevant to this Petition for Damages an "employee" within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII").

120. SLU was at all times relevant to this Petition for Damages an "employer" within the meaning of Title VII.

121. Title VII, 42 U.S.C. § 2000e–2, prohibits an employer from discriminating against any individual with respect to that individual's compensation, terms, conditions, or privileges of employment because of, *inter alia*, race, color, or sex.

122. Plaintiff was at all times relevant a member of a protected class, in that she was a female of color who was experiencing a high-risk pregnancy during the period of time she was employed by SLU.

123. Plaintiff was also scheduled to go on maternity leave approximately two weeks after the date she was terminated.

Electronically Filed - St Louis County - September 23, 2022 - 04:10 PM

124. Plaintiff was at all times relevant meeting SLU's expectations as an employer, in that during her employment by SLU, Plaintiff was at no point in time warned about her employment performance.

125. In fact, a number of Plaintiff's co-workers and supervisors, including, but not limited to, other Registered Medical Assistants, Nurse Practitioners, and Medical Doctors, expressed their satisfaction with Plaintiff's work performance and that they were glad to have her as part of the SLU medical team.

126. SLU discriminated against Plaintiff through her employment and the performance of her employment duties at SLUCare clinics and hospitals in the following respects:

   a. Failing to investigate the issue of sexually inappropriate and discriminatory conduct directed to and in the presence of Plaintiff by Plaintiff's supervisor, namely Mr. Lawson;

   b. Failing to discipline, warn, or otherwise adequately address the sexually inappropriate and discriminatory conduct of Plaintiff's supervisor, Mr. Lawson, who repeatedly directed such conduct toward and in the presence of Plaintiff;

   c. Failing to take seriously Plaintiff's complaints for discrimination and sexual harassment against SLU and Mr. Lawson;

   d. Transferring Plaintiff to another SLUCare clinic and disciplining Plaintiff rather than addressing the sexually inappropriate and discriminatory conduct of Plaintiff's supervisor, Mr. Lawson;

   e. Repeatedly subjecting Plaintiff to sexually inappropriate and discriminatory conduct by a supervisor, Mr. Lawson, in the presence of co-workers of color as well as in the presence of another female patient of color;

Electronically Filed - St Louis County - September 23, 2022 - 04:10 PM

f.  Terminating Plaintiff for declining to engage in sexually inappropriate conduct, including, but not limited to, conduct against proper protocol with respect to electrocardiograms toward a female patient of color;

g.  Terminating Plaintiff for requesting from her employer a means by which to submit a discrimination and sexual harassment complaint;

h.  Terminating Plaintiff knowing that she was involved in a high-risk pregnancy, would require additional obstetrician visits due to the high-risk nature of her pregnancy (although she was still able to perform essential job functions), and on the eve of Plaintiff's maternity leave;

i.  Preventing Plaintiff from obtaining unemployment benefits from the Missouri Division of Employment Security by providing false information concerning Plaintiff's conduct during the electrocardiogram incident;

j.  Using Plaintiff's complaints of discrimination and harassment against Mr. Lawson in pretextual fashion to terminate Plaintiff as a female employee of color; and

k.  Using Plaintiff's high-risk pregnancy, need for additional obstetrician visits, and upcoming maternity leave in pretextual fashion to terminate Plaintiff as a female employee of color.

127. Other similarly situated employees of SLU did not experience similar sorts of discriminatory treatment as did Plaintiff, including other white male and female Registered Medical Assistants; in addition, Mr. Lawson, for example, a white male employee, was allowed by SLU to continue, on repeated occasions, to engage in sexually inappropriate and discriminatory conduct and these issues repeatedly went unaddressed and unresolved.

Electronically Filed - St Louis County - September 23, 2022 - 04:10 PM

128. In light of Plaintiff's stellar employment record at SLU, it is clear that Plaintiff's race and sex, namely her being a female employee of color involved in a high-risk pregnancy, were contributing factors as to each of the aforementioned acts of discrimination and harassment on the part of SLU and its employees.

129. Due to her race, color, sex, and high-risk pregnancy, Plaintiff experienced adverse employment action, in that Plaintiff was subjected to sexually inappropriate and discriminatory treatment by Mr. Lawson and other employees of SLU and was both transferred and ultimately terminated for complaining about these issues.

130. As a direct result of the adverse employment actions taken against Plaintiff by SLU and its employees, Plaintiff has sustained damages in the form of lost wages, emotional distress, humiliation, loss of reputation, loss of dignity, lost unemployment benefits, and has been denied employment opportunities because she must inform potential employers that she was terminated by SLU.

131. The conduct of SLU and its employees, including the repeated acts of discrimination against Plaintiff, were done with malice, or with such reckless indifference to Plaintiff's federally protected rights that malice may be inferred, such that an award of punitive damages is warranted under the circumstances to deter similar conduct in the future.

WHEREFORE, as to Count V of her Petition for Damages, Plaintiff Rachel E. McDonald respectfully requests that this Court enter Judgment in her favor and against Defendant St. Louis University and grant Plaintiff the following relief:

    a. Damages in excess of $25,000 and in an amount to be proven at trial;

    b. An award of punitive damages;

    c. An award of reasonable attorney's fees pursuant to 42 U.S.C. § 2000e–5(k);

Electronically Filed - St Louis County - September 23, 2022 - 04:10 PM

d.  An award of Plaintiff's reasonable costs incurred in the prosecution of this matter pursuant to 42 U.S.C. § 2000e–5(k); and

e.  Any such other and further relief that this Court deems just and proper under the circumstances.

### COUNT VI: RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

132. Plaintiff incorporates by reference each of the allegations contained in paragraphs 1 through 66 of this Petition for Damages as if fully set forth herein.

133. Plaintiff was at all times relevant to this Petition for Damages an "employee" within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII").

134. SLU was at all times relevant to this Petition for Damages an "employer" within the meaning of Title VII.

135. Title VII, 42 U.S.C. § 2000e–2, prohibits an employer from discriminating against any individual with respect to that individual's compensation, terms, conditions, or privileges of employment because of, *inter alia*, race, color, or sex.

136. Plaintiff was at all times relevant a member of a protected class, in that she was a female of color who was experiencing a high-risk pregnancy during the period of time she was employed by SLU.

137. Plaintiff was also scheduled to go on maternity leave approximately two weeks after the date she was terminated.

Electronically Filed - St Louis County - September 23, 2022 - 04:10 PM

138. Plaintiff was at all times relevant meeting SLU's expectations as an employer, in that during her employment by SLU, Plaintiff was at no point in time warned about her employment performance.

139. In fact, a number of Plaintiff's co-workers and supervisors, including, but not limited to, other Registered Medical Assistants, Nurse Practitioners, and Medical Doctors, expressed their satisfaction with Plaintiff's work performance and that they were glad to have her as part of the SLU medical team.

140. Plaintiff complained to her superiors at SLU regarding the following discriminatory acts and conduct on the part of SLU and its employees:

    a. Failing to investigate the issue of sexually inappropriate and discriminatory conduct directed to and in the presence of Plaintiff by Plaintiff's supervisor, namely Mr. Lawson;

    b. Failing to discipline, warn, or otherwise adequately address the sexually inappropriate and discriminatory conduct of Plaintiff's supervisor, Mr. Lawson, who repeatedly directed such conduct toward and in the presence of Plaintiff;

    c. Failing to take seriously Plaintiff's complaints for discrimination and sexual harassment against Mr. Lawson; and

    d. Repeatedly subjecting Plaintiff to sexually inappropriate and discriminatory conduct by a supervisor, Mr. Lawson, in the presence of coworkers of color as well as in the presence of another female patient of color.

141. SLU retaliated against Plaintiff for complaining of the harassment and discrimination she was experiencing at work in the following respects:

Electronically Filed - St Louis County - September 23, 2022 - 04:10 PM

a.  Transferring Plaintiff to another SLUCare clinic and disciplining Plaintiff rather than addressing the sexually inappropriate and discriminating conduct of Plaintiff's supervisor, Mr. Lawson;

b.  Terminating Plaintiff for complaining that she was asked to engage in sexually inappropriate conduct against proper protocol with respect to electrocardiograms toward a female patient of color;

c.  Terminating Plaintiff for requesting from her employer a means by which to submit a discrimination and sexual harassment complaint;

d.  Terminating Plaintiff after Plaintiff advised her superiors that she was involved in a high-risk pregnancy, would require additional obstetrician visits due to the high-risk nature of her pregnancy (although she was still able to perform essential job functions), and on the eve of maternity leave;

e.  Preventing Plaintiff from obtaining unemployment benefits from the Missouri Division of Employment Security by providing false information concerning Plaintiff's conduct during the electrocardiogram incident;

f.  Using Plaintiff's complaints against Mr. Lawson in pretextual fashion to terminate Plaintiff as a female employee of color; and

g.  Using Plaintiff's high-risk pregnancy, need for additional obstetrician visits, and upcoming maternity leave in pretextual fashion to terminate Plaintiff as a female employee of color.

142. Mr. Lawson, a white male employee, was allowed by SLU to continue, on repeated occasions, to engage in sexually inappropriate and discriminatory conduct and these issues repeatedly remained unaddressed and unresolved.

Electronically Filed - St Louis County - September 23, 2022 - 04:10 PM

143. SLU's subjecting Plaintiff to discrimination on the basis of her race and sex, namely her being a female employee of color involved in a high-risk pregnancy, resulted in Plaintiff submitting complaints to her supervisors regarding these issues which in turn directly caused SLU to take the above-referenced retaliatory actions.

144. Due to her race, color, sex, and high-risk pregnancy, Plaintiff was subjected to treatment by Mr. Lawson and other employees of SLU that other similarly situated SLU employees did not experience, and was ultimately transferred and eventually terminated for complaining about these issues.

145. As a direct result of these adverse employment actions, Plaintiff has sustained damages in the form of lost wages, emotional distress, humiliation, loss of reputation, loss of dignity, lost unemployment benefits, and has been denied employment opportunities because she must inform potential employers that she was terminated by SLU.

146. The conduct of SLU and its employees in their repeatedly subjecting Plaintiff to sexual harassment and discrimination by her superior, and their transferring and terminating Plaintiff for complaining about these issues, was wanton, willful, outrageous, or otherwise done with such reckless and repeated disregard for the rights of Plaintiff that willful conduct may be inferred, such that an award of punitive damages is warranted under the circumstances to deter similar conduct in the future.

WHEREFORE, as to Count VI of her Petition for Damages, Plaintiff Rachel E. McDonald respectfully requests that this Court enter Judgment in her favor and against Defendant St. Louis University and grant Plaintiff the following relief:

    a.   Damages in excess of $25,000 and in an amount to be proven at trial;

    b.   An award of punitive damages;

Electronically Filed - St Louis County - September 23, 2022 - 04:10 PM

c.   An award of reasonable attorney's fees pursuant to 42 U.S.C. § 2000e–5(k);

d.   An award of Plaintiff's reasonable costs incurred in the prosecution of this matter pursuant to 42 U.S.C. § 2000e–5(k); and

e.   Any such other and further relief that this Court deems just and proper under the circumstances.

### COUNT VII: CREATION OF A HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII

147. Plaintiff incorporates by reference each of the allegations contained in paragraphs 1 through 66 of this Petition for Damages as if fully set forth herein.

148. Plaintiff was at all times relevant to this Petition for Damages an "employee" within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII").

149. SLU was at all times relevant to this Petition for Damages an "employer" within the meaning of Title VII.

150. Title VII, 42 U.S.C. § 2000e–2, prohibits an employer from discriminating against any individual with respect to that individual's compensation, terms, conditions, or privileges of employment because of, *inter alia*, race, color, or sex.

151. Plaintiff was at all times relevant a member of a protected class, in that she was a female of color who was experiencing a high-risk pregnancy during the period of time she was employed by SLU.

152. Plaintiff was also scheduled to go on maternity leave approximately two weeks after the date she was terminated.

Electronically Filed - St Louis County - September 23, 2022 - 04:10 PM

153. Plaintiff was at all times relevant meeting SLU's expectations as an employer, in that during her employment by SLU, Plaintiff was at no point in time warned about her employment performance.

154. In fact, a number of Plaintiff's co-workers and supervisors, including, but not limited to, other Registered Medical Assistants, Nurse Practitioners, and Medical Doctors, expressed their satisfaction with Plaintiff's work performance and that they were glad to have her as part of the SLU medical team.

155. SLU created and allowed a hostile work environment to exist for Plaintiff in the following respects:

a. Failing to investigate the issue of sexually inappropriate and discriminatory conduct directed to and in the presence of Plaintiff by Plaintiff's supervisor, namely Mr. Lawson;

b. Failing to discipline, warn, or otherwise adequately address the sexually inappropriate and discriminatory conduct of Plaintiff's supervisor, Mr. Lawson, who repeatedly directed such conduct toward and in the presence of Plaintiff;

c. Failing to take seriously Plaintiff's complaints for discrimination and sexual harassment against SLU and Mr. Lawson;

d. Transferring Plaintiff to another SLUCare clinic and disciplining Plaintiff rather than addressing the sexually inappropriate and discriminatory conduct of Plaintiff's supervisor, Mr. Lawson;

e. Repeatedly subjecting Plaintiff to sexually inappropriate and discriminatory conduct by a supervisor, Mr. Lawson, in the presence of co-workers of color as well as in the presence of another female patient of color;

Electronically Filed - St Louis County - September 23, 2022 - 04:10 PM

f.  Terminating Plaintiff for declining to engage in sexually inappropriate conduct, including, but not limited to, conduct against proper protocol with respect to electrocardiograms toward a female patient of color;

g.  Terminating Plaintiff for requesting from her employer a means by which to submit a discrimination and sexual harassment complaint;

h.  Terminating Plaintiff knowing that she was involved in a high-risk pregnancy, would require additional obstetrician visits due to the high-risk nature of her pregnancy (although she was still able to perform essential job functions), and on the eve of Plaintiff's maternity leave;

i.  Preventing Plaintiff from obtaining unemployment benefits from the Missouri Division of Employment Security by providing false information concerning Plaintiff's conduct during the electrocardiogram incident;

j.  Using Plaintiff's complaints of discrimination and harassment against Mr. Lawson in pretextual fashion to terminate Plaintiff as a female employee of color; and

k.  Using Plaintiff's high-risk pregnancy, need for additional obstetrician visits, and upcoming maternity leave in pretextual fashion to terminate Plaintiff as a female employee of color.

156. None of the above-referenced incidents of discrimination and harassment which culminated in a hostile work environment were welcomed by Plaintiff and she on multiple occasions expressed her frustration with Mr. Lawson to her supervisors and fellow co-workers.

157. Plaintiff complained to her supervisors in early April of 2021 regarding the unwelcome, discriminatory, and sexually inappropriate conduct of Mr. Lawson.

Electronically Filed - St Louis County - September 23, 2022 - 04:10 PM

158. Upon information and belief, other employees complained to their supervisors regarding Mr. Lawson's conduct.

159. In light of multiple complaints to SLU regarding Mr. Lawson's conduct, SLU knew or should have known that Mr. Lawson was creating a hostile work environment and repeatedly failed to adequately address the issue to prevent further instances of discrimination and harassment.

160. Other similarly situated employees of SLU did not experience similar sorts of discriminatory treatment as did Plaintiff, including other white male and female Registered Medical Assistants; in addition, Mr. Lawson, for example, a white male employee, was allowed by SLU to continue, on repeated occasions, to engage in sexually inappropriate and discriminatory conduct and these issues repeatedly went unaddressed and unresolved.

161. In light of Plaintiff's stellar employment record at SLU, it is clear that Plaintiff's race and sex, namely her being a female employee of color involved in a high-risk pregnancy, were causal factors as to each of the aforementioned acts of discrimination and harassment on the part of SLU and its employees that created a hostile work environment.

162. As a result of her complaining to her supervisors regarding the hostile work environment created by Mr. Lawson, Plaintiff experienced adverse employment action, in that Plaintiff was both transferred and ultimately terminated from her employment at the SLUCare hospitals and clinics.

163. As a direct result of the adverse employment actions taken against Plaintiff by SLU and its employees, Plaintiff has sustained damages in the form of lost wages, emotional distress, humiliation, loss of reputation, loss of dignity, lost unemployment benefits, and has been

Electronically Filed - St Louis County - September 23, 2022 - 04:10 PM

denied employment opportunities because she must inform potential employers that she was terminated by SLU.

164. The conduct of SLU and its employees, including the repeated acts of discrimination against Plaintiff, were done with malice, or with such reckless indifference to Plaintiff's federally protected rights that malice may be inferred, such that an award of punitive damages is warranted under the circumstances.

WHEREFORE, as to Count VII of her Petition for Damages, Plaintiff Rachel E. McDonald respectfully requests that this Court enter Judgment in her favor and against Defendant St. Louis University and grant Plaintiff the following relief:

a. Damages in excess of $25,000 and in an amount to be proven at trial;

b. An award of punitive damages;

c. An award of reasonable attorney's fees pursuant to 42 U.S.C. § 2000e–5(k);

d. An award of Plaintiff's reasonable costs incurred in the prosecution of this matter pursuant to 42 U.S.C. § 2000e–5(k); and

e. Any such other and further relief that this Court deems just and proper under the circumstances.

PITZER SNODGRASS, P.C.

*/s/ Peter J. Dunne*
Peter J. Dunne, #31482 MO
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102
(314) 421-5545
Email: Dunne@pspclaw.com
*Attorneys for Plaintiff*

PITZER SNODGRASS, P.C.

*/s/ Maxwell L. Knudsen*
Maxwell L. Knudsen, #72886 MO
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102
(314) 421-5545
Email: Knudsen@pspclaw.com
*Attorneys for Plaintiff*

Electronically Filed - St Louis County - September 23, 2022 - 04:10 PM