UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RACHEL E. MCDONALD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:22-cv-01121-SRC |
| | ) | |
| SAINT LOUIS UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

## **Memorandum and Order**

Rachel McDonald filed a seven-count Complaint[1] in state court against Saint Louis University, alleging discrimination, harassment, and retaliation in violation of state and federal law.  Doc. 5.  After removing the case, Saint Louis University filed a motion to dismiss, which the Court granted in part, dismissing counts 1–4.  As to the remaining counts, the Court partially converted the motion to dismiss—only to the extent that Saint Louis University sought dismissal on the basis of the statute of limitations—into a motion for summary judgment under Rule 56.  Doc. 20; *see* Fed. R. Civ. P. 12(d).  The parties then filed supplemental briefing, including statements of uncontroverted material fact and exhibits.  Docs. 23–26, 27, 28–29.  In addressing the motion for summary judgment, the Court considers these documents, as well as the parties' earlier motion-to-dismiss briefing.  Docs. 12–14, 16, 21.  Because McDonald's Title VII claims are untimely and equitable tolling is not warranted, the Court grants Saint Louis University's motion for summary judgment on counts 5–7.

---

[1] McDonald's "petition" in Missouri state court serves as the analog of a federal "complaint."

I.      **Background**

The Court finds the following facts undisputed for purposes of summary judgment. McDonald filed a Charge of Discrimination with the Missouri Commission of Human Rights and the EEOC "on or about" September 27, 2021.  Doc. 27-3 at ¶ 1; Doc. 29 at ¶ 1.  On April 27, 2022, she requested a right-to-sue letter from the EEOC.  Doc. 27-3 at ¶ 2; Doc. 29 at ¶ 2.  The EEOC closed its investigation on May 10, 2022 and uploaded a document to the EEOC Public Portal titled:  "Notice of Right to Sue (Issued on Request)."  Doc. 27-3 at ¶¶ 3, 7; Doc. 29 at ¶ 7; Doc. 27-1 at pp. 9–11, 145.

That same day, counsel for McDonald and in-house counsel for Saint Louis University both received an email from the EEOC stating, in part, "[a] new document was added to EEOC Charge No. 28E-2022-00020, Ms. Rachel McDonald v. SAINT LOUIS UNIVERSITY.  To view it, sign-in to the EEOC Public Portal."  Doc. 27-3 at ¶¶ 5–6; Doc. 29 at ¶¶ 5–6.  The email did not contain any attachments.  Doc. 29 at ¶ 5.

On May 18, 2022, the EEOC sent counsel for McDonald an e-mail with the following subject line:  "REMINDER: Important Document Available for EEOC Charge 28E-2022-00020."  Doc. 27-3 at ¶ 8; Doc. 29 at ¶ 8; Doc. 14-3 at p. 22.  The email did not contain any attachments.  Doc. 29 at ¶ 8.  The body of the email stated:

> EEOC has made a decision regarding charge number 28E-2022-00020. It is very important that you download and retain a copy of this document.  You may review this decision by logging into the EEOC Public Portal.
>
> This email is an official notification from the Equal Employment Opportunity Commission (EEOC) regarding charge 28E-2022-00020.  Please do not reply to this email.

Doc. 14-3 at p. 22; *see also* Doc. 27-3 at ¶ 9; Doc. 29 at ¶ 9.

Because McDonald and her counsel had lost access to the EEOC portal sometime between mid-January and mid-February of 2022, they could not access or view the document the

2

emails referred to.  Doc. 29 at ¶¶ 4, 8; Doc. 14-2 at ¶¶ 6–13.  On June 21, 2022, counsel for

McDonald emailed Kenneth Waters, an EEOC employee, again requesting a right-to-sue letter.

Doc. 14-4.  James Gall, another EEOC employee, sent counsel for McDonald a copy of the May

10, 2022 Right to Sue letter via e-mail on June 28, 2022.  Doc. 27-3 at ¶¶ 7, 10; Doc. 29 at ¶¶ 7,

10.  McDonald filed her Complaint in state court on September 23, 2022.  Doc. 1-1.

## II.    Standard

Under Rule 56(a) of the Federal Rules of Civil Procedure, "[a] party may move for

summary judgment, identifying each claim or defense—or the part of each claim or defense—on

which summary judgment is sought."  Rule 56(a) also provides that "[t]he court shall grant

summary judgment if the movant shows that there is no genuine dispute as to any material fact

and the movant is entitled to judgment as a matter of law."  In ruling on a motion for summary

judgment, the Court must view the evidence in the light most favorable to the non-moving party

and give that party the benefit of all reasonable inferences to be drawn from the underlying facts.

*AgriStor Leasing v. Farrow*, 826 F.2d 732, 734 (8th Cir. 1987).  The moving party bears the

initial burden of showing both the absence of a genuine issue of material fact and entitlement to

judgment as a matter of law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); Fed. R.

Civ. P. 56(a).

In response to the proponent's showing, the opponent must come forward with specific

facts showing that there is a genuine issue for trial.  *Matsushita Elec. Indus. Co. v. Zenith Radio

Corp.*, 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(c).  Self-serving, conclusory statements

without support will not suffice to defeat summary judgment.  *Armour & Co., Inc. v. Inver Grove

Heights*, 2 F.3d 276, 279 (8th Cir. 1993).  The opponent must show a genuine issue of fact,

meaning a reasonable jury could return a verdict in its favor.  *Liberty Lobby*, 477 U.S. at 248.

### III.    Discussion

Saint Louis University argues that it is entitled to summary judgment because:  (1) McDonald's Title VII claims are untimely, Doc. 23 at pp. 3–4; and (2) equitable tolling is not warranted, *id.* at pp. 4–7.  McDonald disagrees with both propositions.  Doc. 25 at pp. 2–8.  The Court addresses each in turn.

### A.    McDonald's Title VII claims are untimely.

An "aggrieved person" wishing to file a civil action asserting Title VII claims must first file an administrative charge with the EEOC.  42 U.S.C. § 2000e-5(f)(1); *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994).  If the EEOC dismisses the charge, or if 180 days pass without the EEOC taking action, the EEOC "shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought" by the aggrieved person.  42 U.S.C. § 2000e-5(f)(1); *see also* 29 C.F.R. § 1614.407(a) (requiring aggrieved persons to bring such a civil action "[w]ithin 90 days of receipt of the agency final action").  "This ninety-day period constitutes a limitations period that bars a suit that is not filed within that time."  *Hales v. Casey's Marketing Co.*, 886 F.3d 730, 736 (8th Cir. 2018) (citation omitted).

Saint Louis University argues that "the 90-day deadline for Plaintiff to assert her Title VII claims was triggered when her attorney received the e-mail from the EEOC on May 10, 2022 providing notification that the Right to Sue had been issued."  Doc. 23 at p. 3.  McDonald argues that the "express language of the statute" dictates that the ninety-day limitations period starts upon "*receipt* of a Notice of Right to Sue letter," and that she did not actually receive the right-to-sue letter until an EEOC employee emailed a copy of it to her attorney on June 28, 2022.  Doc. 30 at p. 2.  The Court agrees with Saint Louis University.

4

Despite the wording of the statute, which provides that "within ninety days after the *giving* of such notice a civil action may be brought" (emphasis added), the Eighth Circuit has described 42 U.S.C. § 2000e-5(f)(1) as requiring a plaintiff to file a civil action within ninety days after *receipt* of a right-to-sue letter from the EEOC. *See, e.g.*, *Walker v. Tyson Foods Inc*, 723 F. App'x 387, 388 (8th Cir. 2018) (citing 42 U.S.C. § 2000e-5(f)(1)). *But see Hales*, 886 F.3d at 736 ("Title VII allows an aggrieved party to bring a civil action within ninety days after notice of dismissal is given by the EEOC." (citing 42 U.S.C. § 2000e-5(f)(1)). This reading of the statute is consistent with the implementing regulations, which provide that a plaintiff may bring a civil action "[w]ithin 90 days of *receipt* of the agency final action . . . ." 29 C.F.R. § 1614.407(a) (emphasis added). It is also consistent with the wording of § 2000e-16(c), which provides that a federal employee may bring a civil action "[w]ithin 90 days of *receipt* of notice of final action . . . ." 42 U.S.C. § 2000e-16(c) (emphasis added).

Other courts agree that "receipt" of notice starts the ninety-day clock. *See, e.g.*, *Lax v. Mayorkas*, 20 F.4th 1178, 1182 (7th Cir. 2021) ("Though there is potential for discrepancy between these two texts (the statute says the filing window starts with the agency's 'giving' of notice of the final decision, while the regulations state that the window starts only upon the claimant's 'receipt' of the agency's final decision), this Court has held that the filing window begins when a claimant or his attorney 'actually receives' the right-to-sue notice that accompanies the agency's final decision."); *Lynn v. W. Gillette, Inc.*, 564 F.2d 1282, 1286 n.3 (9th Cir. 1977) ("It is the receipt of a Right to Sue letter, not its dispatch, which sets the beginning of ninety-day period."); *Hammel v. Marsh USA Inc.*, 79 F. Supp. 3d 234, 242 (D.D.C. 2015) ("[T]he 90-day clock begins the day after the date of receipt of the EEOC right to sue letter."). And the Supreme Court has held that "receipt" includes receipt by a plaintiff's attorney

or the attorney's office.  *See Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 92–93 (1990) (citing

42 U.S.C. § 2000e-16(c)); *see also id.* ("Under our system of representative litigation, each party

is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts,

notice of which can be charged upon the attorney.'" (quoting *Link v. Wabash R. Co.*, 370 U.S.

626, 634 (1962))).

For right-to-sue letters sent through the mail, "[g]enerally, the ninety-day filing period

begins to run on the day the right to sue letter is received at the most recent address that a

plaintiff has provided the EEOC."  *Hales*, 886 F.3d at 736 (quoting *Hill v. John Chezik Imports*,

869 F.2d 1122, 1124 (8th Cir. 1989)).  "It is presumed that a plaintiff will receive the notice three

days after the mailing date."  *Id.* (first citing Fed. R. Civ. P. 6(d); and then citing *Baldwin Cty.

Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n.1 (1984)).

But while the EEOC typically provides notice by sending right-to-sue letters through the

mail, the statute and implementing regulations do not require any particular method of

transmission.  Thus, courts have held that the ninety-day clock begins when a plaintiff receives

appropriate notice via means other than a physical letter.  *See, e.g.*, *Ebbert v. DaimlerChrysler

Corp.*, 319 F.3d 103, 116 (3d Cir. 2003) (holding that "oral notice can suffice to start the 90-day

period" if it is "equivalent to written notice"); *Ball v. Abbott Advert., Inc.*, 864 F.2d 419, 420–21

(6th Cir. 1988) (per curiam) (holding that the ninety-day period began when EEOC investigator

informed attorney by telephone of EEOC's final decision and issuance of right to sue, not when

attorney received physical letter); *Lax*, 20 F.4th at 1182–83 (holding that the ninety-day period

began when the plaintiff read the body of an email detailing that a right-to-sue letter was

attached, even though he was unable to open the right-to-sue letter until the following day due to

technical difficulties).

The regulations implementing § 2000e-5(f)(1) explicitly provide for digital transmission of notice.  29 C.F.R. § 1601.28(a)(1) states:

(a) Issuance of notice of right to sue upon request.

(1) When a person claiming to be aggrieved requests, in writing, that a notice of right to sue be issued and the charge to which the request relates is filed against a respondent other than a government, governmental agency or political subdivision, the Commission shall promptly issue such notice as described in § 1601.28(e) to all parties, at any time after the expiration of one hundred eighty (180) days from the date of filing of the charge with the Commission . . . .

29 C.F.R. § 1601.28(e), in turn, provides:

(e) Content of notice of right to sue. The notice of right to sue shall include:

(1) Authorization to the aggrieved person to bring a civil action under title VII, the ADA, or GINA pursuant to section 706(f)(1) of title VII, section 107 of the ADA, or section 207 of GINA within 90 days from receipt of such authorization;

(2) Advice concerning the institution of such civil action by the person claiming to be aggrieved, where appropriate;

(3) The charge;

(4) The Commission's decision, determination, or dismissal, as appropriate.

Further, 29 C.F.R. § 1601.3(b) provides that "[f]or the purposes of this part, the terms file, serve, submit, receive, transmit, present, send, issue, and notify shall include all forms of digital transmission."

The Seventh Circuit's holding in *Lax* is instructive.  There, the plaintiff, Brian Lax, received an email from an EEOC employee with the subject line:  "Final Action for Lax, Brian (FEMA-26090-2016)Secure [sic]" *Lax*, 20 F.4th at 1180.  The body of the email stated:

Good Afternoon:

Attached is the Agency's Final Action in the case of Lax, Brian (FEMA-26090-2016). For security purposes, this document has been password protected. The password will be sent in a separate email. If you have any questions or concerns

regarding this document, please reply to this email with a "cc" to Denise Moore,
Senior Complaints Manager at [DHS email address].

*Id.* at 1180–81.  Lax received a second email a minute later containing the password to open the

document attached to the first email.  *Id.* at 1181.  Lax acknowledged opening and reading the

emails the day the EEOC sent them.  *Id.*  However, due to error messages he encountered when

attempting to open the attachment on his work device, as well as security measures which

prevented him from opening the attachment on any non-work devices, Lax was unable to open or

read the attached document until the following day.  *Id.*  He filed suit ninety days after opening

the attached document—ninety-one days after reading the emails.  *Id.*  Lax argued that his suit

was timely because he was unable to read the attached notice on the day he received it.  *Id.* at

1182–83.

The Seventh Circuit disagreed, holding that the body of the email, "which clearly

indicated that his final agency decision was attached," put Lax on notice that "what he had

received was the final agency decision."  *Id.* at 1183.  Applying circuit precedent, the Seventh

Circuit held that Lax's suit was untimely by one day because "the date of receipt, which triggers

the filing window, is unaffected by the recipient's failure to read the notice until a later time."

*Id.*

Although in *Lax* the final agency decision was attached to the email, district courts have

held that an email providing a link to access the final agency decision on the EEOC's public

portal also starts the ninety-day clock.  *See, e.g.*, *McNaney v. Sampson & Morris Grp., Inc.*, No.

2:21-CV-1809, 2022 WL 1017388, at *3 (W.D. Pa. Apr. 5, 2022) (holding that the ninety-day

period began to run when the EEOC notified the plaintiff's counsel via email that a decision had

been made and provided a link to access the decision); *see also Paniconi v. Abington Hosp.-*

*Jefferson Health*, 604 F. Supp. 3d 290 (E.D. Pa. 2022) (same); *Mason v. Derryfield Sch.*, No. 22-

CV-104-SE, 2022 WL 16859666, at *3 (D.N.H. Nov. 7, 2022) (noting that 29 C.F.R. § 1601.3(b)

authorizes the EEOC to issue right-to-sue letters electronically, and holding that the statute-of-

limitations period began to run on the date the plaintiff received an email from the EEOC

notifying her of a decision regarding her charge of discrimination, even though she did not

access the right-to-sue letter through the portal until later).

Here, as mentioned, the EEOC's May 10, 2022 email to McDonald's attorney merely

stated that "[a] new document was added to EEOC Charge No. 28E-2022-00020, Ms. Rachel

McDonald v. SAINT LOUIS UNIVERSITY.  To view it, sign-in to the EEOC Public Portal."

Doc. 27-3 at ¶¶ 5–6; Doc. 29 at ¶¶ 5–6.  However, the May 18, 2022 email contained more

information.  The subject line of the May 18 email stated:  "REMINDER: Important Document

Available for EEOC Charge 28E-2022-00020."  Doc. 27-3 at ¶ 8; Doc. 29 at ¶ 8; Doc. 14-3 at p.

22.  And the body of the May 18 email stated:

> EEOC has made a decision regarding charge number 28E-2022-00020. It is very
> important that you download and retain a copy of this document.  You may review
> this decision by logging into the EEOC Public Portal.
>
> This email is an official notification from the Equal Employment Opportunity
> Commission (EEOC) regarding charge 28E-2022-00020.  Please do not reply to
> this email.

Doc. 14-3 at p. 22; *see also* Doc. 27-3 at ¶ 9; Doc. 29 at ¶ 9.

Like the body of the email in *Lax*, the body of the May 18 email put McDonald's counsel

on notice that the agency's final decision was available.  McDonald does not dispute that her

counsel received and read the May 18, 2022 email.  And the Court concludes that it makes no

difference that McDonald's counsel had to log into the EEOC Public Portal to access the

document, rather than use a password to open an email attachment as in *Lax*.  *See* 29 C.F.R.

§ 1601.3(b) ("For the purposes of this part, the terms file, serve, submit, receive, transmit,

present, send, issue, and notify shall include *all forms of digital transmission*." (emphasis added)); *Mason*, 2022 WL 16859666, at *3.

McDonald argues that the ninety-day period should begin on July 28, 2022, when her counsel requested that an EEOC employee send a copy of the right-to-sue letter directly. Doc. 30 at p. 2. But because McDonald's counsel received the email notification on May 18, 2022, it is irrelevant when her counsel actually followed the link to access the right-to-sue letter on the EEOC portal, or received a copy of the right-to-sue letter via another means. *See McNaney*, 2022 WL 1017388, at *4 ("Counsel's failure to open the link and actually read the document does not toll the commencement of the period, just as it would not if he simply failed to open mail delivered in the traditional manner.").

McDonald attempts to make much of the fact that her counsel "lost access to the EEOC portal sometime between mid-January and mid-February 2022 when one of the attorneys for Ms. McDonald departed the law firm." Doc. 25 at p. 3. Although she acknowledges her counsel received the May 18 email, she claims that her "attorneys could not view any documents uploaded to the Portal or the substance of any decision rendered by the EEOC." *Id.* at p. 4. But while her counsel's inability to access the portal may be relevant to the application of equitable tolling, it does not delay the start of the ninety-day filing window. *See Lax*, 20 F.4th at 1182–83.

Based on the undisputed facts, the Court finds that the statutorily imposed filing window began on May 18, 2022 at the latest. Because McDonald filed her complaint on September 23, 2022, more than ninety days after the May 18, 2022 email, the Court need not decide whether the May 10, 2022 email started the ninety-day filing period.

**B.      Equitable tolling is not warranted.**

Title VII's time limitations are not jurisdictional and are thus subject to equitable tolling. *Irwin*, 498 U.S. at 95.  However, "[a]s a general rule, equitable tolling is a remedy reserved for circumstances that are 'truly beyond the control of the plaintiff.'" *Shempert v. Harwich Chem. Corp.*, 151 F.3d 793, 797–98 (8th Cir. 1998) (quoting *Hill*, 869 F.2d at 1124); *see also Lown v. Brimeyer*, 956 F.2d 780, 782 (8th Cir. 1992) ("Equitable tolling is appropriate only when the circumstances that cause a plaintiff to miss a filing deadline are out of his hands." (quoting *Heideman v. PFL, Inc.*, 904 F.2d 1262, 1266 (8th Cir. 1990))).

McDonald argues that equitable tolling is warranted because her counsel "never received working login credentials to the EEOC portal after losing access," despite "numerous emails, letters, and phone calls to EEOC representatives and IT staff members over the course of approximately five-to-six months" regarding the issue.  Doc. 25 at pp. 3–4.  She argues that the EEOC's failure to provide new login credentials, "and/or to otherwise send counsel a copy of the notice of the right to sue letter directly upon its issuance, was outside the hands of Ms. McDonald and her attorneys." *Id.* at p. 5.  As further justification for the application of equitable tolling, McDonald argues that "the Complaint against [Saint Louis University] in this case is detailed and fact intensive," consisting of "37 pages, 164 paragraphs," and "seven causes of action."  Doc. 25 at p. 6.  She also states that during this time she "was in the process of preparing to move her family, including children, to Pennsylvania from Missouri." *Id.*

Among other reasons, Saint Louis University argues that equitable tolling is not warranted because after the EEOC sent McDonald a copy of the May 10, 2022 Right to Sue Letter via email on June 28, 2022, McDonald still had forty-one days remaining to file her lawsuit.  Doc. 23 at p. 5.  The Court agrees.

Saint Louis University relies on *Hill v. John Chezik Imports*. Doc. 23 at pp. 5–6. In that case, the EEOC had sent the initial letter on August 25, but the plaintiff did not "actually learn[]" of the letter until "early October" that same year. *Hill*, 869 F.2d at 1123. The Eighth Circuit observed that the plaintiff filed suit "approximately 83 days after . . . receiv[ing] actual notice of her right to sue, but 105 days after . . . receiv[ing] constructive notice by the letter sent to her old address." *Id.* The Eighth Circuit declined to apply equitable tolling because, among other reasons, the plaintiff still had "ample time to file her suit" after she "actually learned" of the right-to-sue letter. *Id.* at 1124.

McDonald argues that unlike the plaintiff in *Hill*, who had failed to advise the EEOC of a change in address, McDonald's attorneys made "diligent efforts" to communicate to the EEOC regarding the change in representation and the fact that her counsel had lost access to the EEOC portal. Doc. 25 at p. 6. But apart from the issue of what caused her counsel to lose access to the portal in the first place, the Court notes that her counsel apparently waited until June 28, 2022 to contact the EEOC regarding the May 10 and May 18 emails, despite having previously corresponded directly with EEOC employees via email on several occasions to obtain copies of other documents, including Saint Louis University's Position Statement. *See* Doc. 27-4 at p. 3 n.2 (citing Doc. 14-3 at pp. 1–6, 10, 13–19, 26, 28–36, 40, 44–48, 52–55). McDonald does not provide any explanation for the delay.

McDonald relies on *Mann v. Artur Express, Inc.*, No. 4:20-cv-01332-CDP, 2021 WL 1222131, at *1 (E.D. Mo. Apr. 1, 2021). *See* Doc. 25 at p. 7. In that case the plaintiff alleged "that neither she nor her counsel received the EEOC Notice of Right to Sue letter, and that she consequently was unaware that the 90-day statute of limitations had started to run." *Mann*, 2021 WL 1222131, at *1. The Honorable Catherine D. Perry, United States District Judge, held that

equitable tolling was warranted at the motion-to-dismiss stage, but noted that "[w]hile the allegations in [the] complaint are sufficient to survive dismissal on the pleadings, they may not be sufficient to avoid summary judgment on the timeliness issue after further discovery." *Id.* at *2. Here, the Court partially converted Saint Louis University's motion to dismiss into a motion for summary judgment, and provided the parties with the opportunity to file "supplemental briefing and materials, including a statement of uncontroverted material facts per Local Rule 4.01(E)." Doc. 20 at p. 4. Thus, McDonald's reliance on *Mann* is misplaced.

McDonald also argues that the Court should consider the fact that Saint Louis University "does not challenge [McDonald's seven] causes of action on the merits, but requests dismissal rather on what must be considered a technicality." Doc. 25 at p. 7. But as Saint Louis University correctly points out, Doc. 27-4 at p. 3, the Eighth Circuit has explained that "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *Shempert*, 151 F.3d at 797 (quoting *Baldwin*, 466 U.S. at 152). The statutorily imposed ninety-day filing window is no mere "technicality," and Saint Louis University's use of it as an affirmative defense to defeat McDonald's claims does not weigh in favor of equitable tolling.

In sum, McDonald has not demonstrated that her delay was due to circumstances "truly beyond [her] control." *Hill*, 869 F.2d at 1124. For the reasons stated above, the Court declines to apply equitable tolling to save McDonald's claims.

## IV.     Conclusion

"This case is a cautionary tale of the need for counsel to navigate successfully the brave new world of electronic communications." *Paniconi*, 604 F. Supp. 3d at 291. Because McDonald's Title VII claims are untimely and equitable tolling is not warranted, the Court

13

grants Saint Louis University's [22] Motion for Summary Judgment and dismisses McDonald's Complaint with prejudice.  The Court denies as moot Saint Louis University's [12] Motion to Dismiss.  A separate judgment accompanies this Memorandum and Order.

So Ordered this 29th day of June 2023.

STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE